## ROGERS *v.* JONES.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 196.   Submitted April 27, 1909.—Decided May 24, 1909.

Where the disposition of a Federal question is not necessary to the de-
termination of the cause and the judgment is based on a distinct non-
Federal ground broad enough to sustain it the writ of error cannot
be maintained.

Where an act of Congress providing for sale of real estate by a marshal
does not define a good and valid description, the question of suf-
ficiency of description is one of general law; and so held in regard to
§ 4 of the act of February 16, 1839, c. 27, 5 Stat. 317, referring to
time and place for making judicial sales in Mississippi; and further
held that even if the time and place of sale were wrong under the
statute, this court had no jurisdiction as the judgment rested on
plaintiff's failure to deraign a title and other non-Federal questions
sufficient to sustain it.

THIS was a bill in equity brought by Rogers and others,
plaintiffs in error, November 11, 1903, in the Chancery Court
for Harrison County, Mississippi, to remove certain alleged
clouds from the title to lands situated in that county, and to
be put in possession of said lands, against J. T. Jones, Harri-
son County, and the persons constituting the board of super-
visors of the county, as individuals and as composing that
board.

Defendants demurred, and the demurrer was overruled by
the Chancellor.  An appeal was taken from this decree to the
Supreme Court of Mississippi, where the decree of the lower
court was reversed and the cause remanded.  *Jones* v. *Rogers,*

85 Mississippi, 802. Thereupon plaintiffs in error filed an amended bill. To the amended bill Jones and the county severally filed demurrers and also answers denying certain allegations of fraud. On hearing the Chancellor sustained the demurrers, and plaintiffs in error, refusing to amend or plead further, the amended bill was dismissed December 23, 1905. From this decree plaintiffs in error appealed to the state Supreme Court, where it was affirmed October 22, 1906, and from this judgment plaintiffs in error have prosecuted the pending writ of error.

The material averments of the amended bill were that plaintiffs in error claimed title to certain lands described in the bill, by virtue of a purchase of said lands by "their ancestor," John Martin, at a sale of said lands on October 28, 1839, made by the United States marshal under an execution on a judgment of the United States Circuit Court for the Southern District of Mississippi, against one James McLaren.

That plaintiffs in error are the "legal descendants and sole surviving heirs at law of John Martin, deceased, who died intestate in the city of New Orleans, and State of Louisiana, during the year 1848." That Martin, at the time of his death, was seized and possessed of, in fee simple, in addition to other lands, certain described lands or parcels of land, which include the lands in controversy, situated in the town of Gulfport, county of Harrison (Hancock County at the time of the sale), and State of Mississippi. That plaintiffs in error are tenants in common, and all derived their title "from their common ancestor, John Martin, by descent." That James McLaren acquired said lands by sales from the United States Government, dated December 11, 1834, and a patent dated January 5, 1841.

That at the sale of the land under an execution on the judgment against McLaren, Martin became the highest and best bidder at and for the sum of $760, and the same was knocked off to him by the United States marshal, and the purchase money was then and there paid by Martin to the marshal, and

he was then and there put into possession, and so remained until his death, in the year 1848.

The amended bill further averred that the land was in Harrison County, Mississippi, and that John Martin never sold nor made any disposition of any kind of the lands; that plaintiffs in error have been all the while in constructive possession of the lands since the death of John Martin, in 1848, and that no person or persons ever went into actual possession of the lands until the county of Harrison or the board of supervisors thereof took possession under deed of June 4, 1902, from J. T. Jones.

The bill alleged upon belief that at the sale a deed to the lands was made by the marshal to John Martin, and in this connection the bill further alleged that another sale of lands was made on the same execution, and that deeds were made by the marshal to the purchasers at said sale.

That McLaren died intestate, leaving no heirs at law, either lineal or collateral, and that the lands never escheated to the State of Mississippi.

The bill further alleged that while plaintiffs in error were minors the administrator of McLaren procured a certified copy of the judgment and execution and proceedings of the sale, and, with the purpose of depriving plaintiffs in error of their legal right and title to the lands, organized a company to take charge of the lands, concealing the facts of the said sale. That the company kept the facts of the real ownership from the plaintiffs in error, and sold some of the lands without knowledge of their legal rights to said property until the last four or five years. That as soon as the facts of the purchase and ownership of the lands by John Martin was made known to them, plaintiffs in error at once began to take the necessary legal steps to begin suit to establish the claim.

The bill also alleged that defendants in error had full notice of the claim to the title of plaintiffs in error, but they accepted the gift of the land in controversy from J. T. Jones, and had full knowledge of the fraud that had been practiced upon them from its beginning to the present time. That on June 4, 1902,

Jones conveyed by deed the land in Gulfport, as a gift, to the board of supervisors of Harrison 'County, with the condition that should the county of Harrison at any time cease to use the lands for the court house they should revert to Jones.

The bill further stated that if the Supreme Court of Mississippi should decide against the validity of the marshal's sale under the judgment and execution, plaintiffs in error "claim the right and benefit of an appeal from the final decree to the Supreme Court of the United States."

The original bill had averred, "*par parenthesis*, that they are claiming their rights and title to this property under a marshal's sale made under and by virtue of the laws and Constitution of the United States of America, and they now and here desire to lay the proper predicate, so that they may have these proceedings in this case revised and reviewed by the Supreme Court of the United States, in case the decision of the Supreme Court of the State of Mississippi is adverse to their lawful, just, and *bona fide* claim, having derived the same from the patentee of these lands."

The answers of the supervisors and of Jones denied notice or knowledge of any fraud on complainants, and having answered the bill for the purposes of that denial prayed the judgment of the court on the demurrers.

*Mr. Frank Johnston* and *Mr. A. Y. Harper* for plaintiffs in error:

The writ of error will lie in this case as the Supreme Court of Mississippi erroneously held that the judicial sale, made by the United States marshal under which the plaintiffs in error claim title to the lands in controversy was irregular and void and conferred no title. *Avery* v. *Popper*, 179 U. S. 305, 310, citing and reviewing the following cases: *Collier* v. *Stanbrough*, 6 How. 14; *Erwin* v. *Lowry*, 7 How. 172; *Clements* v. *Berry*, 11 How. 398; *Freeman* v. *Howe*, 24 How. 450; *Buck* v. *Colbath*, 3 Wall. 334; *Etheridge* v. *Sperry*, 139 U. S. 266; *Bock* v. *Perkins*, 139 U. S. 628; *Day* v. *Gallup*, 2 Wall. 97; *Dupasseur* v.

*Rochereau,* 21 Wall. 130; *McKenna* v. *Simpson,* 129 U. S. 506; *O'Brien* v. *Weld,* 92 U. S. 81; *Factors & Traders' Ins. Co.* v. *Murphy,* 111 U. S. 738; *Stanley* v. *Schwalby,* 162 U. S. 255; *Pitts. & Cin. Railroad* v. *Long Island L. & T. Co.,* 172 U. S. 493; *Tulloch* v. *Mulvane,* 184 U. S. 497, 507, citing: *Avery* v. *Popper,* 179 U. S. 305; and *Crescent Live Stock Co.* v. *Butchers' Union,* 120 U. S. 141; *Meyers* v. *Block,* 120 U. S. 206; *Commercial Pub. Co.* v. *Beckwith,* 188 U. S. 567, 569; *Sharpe* v. *Doyle,* 102 U. S. 686, 688; *McNulta* v. *Lochridge,* 141 U. S. 327, 331; cited in: *Nutt* v. *Knut,* 200 U. S. 12, 19; *Ill. Cent. R. R. Co.* v. *McKendree,* 203 U. S. 514, 526.

A Federal question is sufficiently set up or claimed when it appears that the contentions involving it were raised by the pleadings or called to the attention of the court in some proper way. *Tulloch* v. *Mulvane,* 184 U. S. 497, 503; *Sayward* v. *Denny,* 158 U. S. 180; *Chouteau* v. *Gibson,* 111 U. S. 200; *Yates* v. *Jones National Bank,* 206 U. S. 158, 167.

The non-Federal question of the statute of limitations, which was decided by the Supreme Court of Mississippi on the first appeal, has been eliminated from the case by the amended bill and the answer of the defendants in error thereto; and also by a subsequent decision in another case overruling that part of the opinion.

The decision of the Supreme Court of Mississippi on the first appeal, *Rogers* v. *Jones,* 85 Mississippi, 802, has been expressly overruled in the subsequent case of *Kennedy* v. *Sanders,* 90 Mississippi, 524, which held that the real ground of the decision was the question of the validity of the title of plaintiffs in error, and that that part of the opinion in respect to the statute of limitations was a mere dictum, and, furthermore, was incorrectly decided.

If, therefore, the question of the statute of limitations were in this case (which we deny) the decision of it by the Supreme Court on the first appeal would have to be held by this court to be palpably erroneous. *Johnson* v. *Risk,* 137 U. S. 300, 307; *Murdock* v. *Memphis,* 20 Wall. 590; *Maguire*

v. *Tyler*, 8 Wall. 650, 664, 665; *Berea College* v. *Kentucky*, 211 U. S. 45, 53.

A certificate of a court of last resort may serve to elucidate the determination whether a Federal question exists. *Ill. Cent. R. R. Co.* v. *McKendree*, 203 U. S. 514, 525.

Where on error to the Supreme Court of the State, the record shows a decision of the state court on a Federal question properly presented, and of which this court could take jurisdiction, and shows also the decision of the local question, the writ of error will not be dismissed on motion in advance of the hearing. The parties are entitled to be heard on the soundness of the decision below on the Federal question, on the sufficiency of that question to control the judgment in the whole case, and on the sufficiency of any other point decided to affirm the judgment, even if the Federal question was erroneously decided. *Railroad Co.* v. *Maryland*, 20 Wall. 643.

It is the duty of the state courts to decide Federal questions; if errors supervene, the remedy is open to the aggrieved party. *Arkansas* v. *Kansas &c. Coal Co.*, 183 U. S. 185, 190; *Water Co.* v. *Defiance*, 191 U. S. 184, 193; *Robb* v. *Connolly*, 111 U. S. 624.

*Mr. James H. Neville* and *Mr. W. A. White* for defendants in error:

The bare averment of a Federal question is not sufficient; there must at least be color or ground for such averment. *Hamlin* v. *Western Land Co.*, 147 U. S. 531.

The only color, or reasons for the averment in the instant case are, first, that plaintiffs claimed under a sale by a United States marshal—a Federal officer. Secondly, that they derived their rights from the patentee of the United States.

The fact that a party to a suit is a receiver of a United States court does not necessarily create a Federal question authorizing a review of the case by the Supreme Court of the United States. *Bausman* v. *Dixon*, 173 U. S. 113; *Lincoln Bank* v. *First Nat. Bank*, 172 U. S. 425.

Nor does the fact that plaintiffs in error claim lands under a patentee of the United States create such Federal question. *Blackburn* v. *Mining Co.*, 175 U. S. 571; *McStay* v. *Friedman*, 92 U. S. 723; *Little York Gold Co.* v. *Keys*, 96 U. S. 199; *Shoshone Mining Co.* v. *Rutler*, 177 U. S. 505.

There was no question before the Supreme Court of Mississippi in this case as to the validity of the patent from the United States to James McLaren, nor as to the nature or extent of the estate it conveyed. All parties to the suit concede that the patent vested a fee simple title in McLaren. The controversy is who now holds that title. Therefore the pleadings in this case wholly failed to state any question of a Federal nature which the Mississippi courts could have determined adversely to plaintiffs in error.

The determination by a state court of a Federal question adversely to the plaintiff in error will not sustain the jurisdiction of the Supreme Court of the United States, if another question not Federal was also raised and decided against him and the decision thereof is sufficient, notwithstanding the Federal question to sustain the judgment. *Harrison* v. *Morton*, 171 U. S. 38; *Bacon* v. *Texas*, 163 U. S. 207; *Egan* v. *Hart*, 165 U. S. 188; *Castillo* v. *McConnico*, 168 U. S. 674; *Pierce* v. *Somerset R. R. Co.*, 171 U. S. 641; *Chappell Chemical Co.* v. *Sulphur Mines Co.*, 172 U. S. 465; *Brooks* v. *Missouri*, 124 U. S. 394; *Union Nat. Bank* v. *Louisville R. R. Co.*, 163 U. S. 325.

It is not enough to give the Supreme Court of the United States jurisdiction over the judgment of a state court, for the record to show that a Federal queston was argued or presented to that court for decision. It must appear that such Federal question was necessary to the determination of the cause and that it was actually decided, or that the judgment could not have been given without deciding it. *Moore* v. *Mississippi*, 21 Wall. 636; *Bolling* v. *Lersner*, 91 U. S. 594; *Brown* v. *Atwell*, 92 U. S. 327; *Citizens' Bank* v. *Board of Liquidation*, 98 U. S. 140; *Endowment Assn.* v. *Kansas*, 120 U. S. 103; *Marrow* v. *Brinkley*, 129 U. S. 178; *Church* v. *Kelsey*, 121

U. S. 282; *DeSaussure* v. *Gaillard*, 127 U. S. 216; *Blount* v. *Walker*, 134 U. S. 607; *Johnson* v. *Risk*, 137 U. S. 300; *Cook County* v. *Calumet Canal Co.*, 138 U. S. 635; *Wood Mach. Co.* v. *Skinner*, 139 U. S. 293.

Where one of the points decided in the Supreme Court of a State against the plaintiff in error would be a sufficient ground for the exercise of jurisdiction by the Supreme Court of the United States, yet if the decree is also based on another and distinct ground over which the National Court has no jurisdiction—as the statute of limitations of the State—the decree is beyond the revisory power of the Supreme Court of the United States. *Rector* v. *Ashley*, 6 Wall. 142.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

In entering the decree of December 23, 1905, the Chancellor manifestly proceeded on the decision of the Supreme Court of Mississippi, reported in 85 Mississippi, 802, as did the Supreme Court in affirming, October 22, 1906, the Chancellor's decree. To this decree the pending writ of error was allowed and issued September 18, 1907.

The contention is that, in determining the rights of plaintiffs in error, the Mississippi Supreme Court put a wrong construction upon the special act of Congress of February 16, 1838, referring to the time and place for the making of judicial sales in Mississippi, in that it held that the marshal's sale relied on as the foundation of title was made at the wrong place. But the Supreme Court made other and decisive rulings, as well as that in reference to the place of the alleged sale.

In the first place, that court held that the alleged return on the writ of *fieri facias* did not describe the lands in controversy, and therefore could not confer title, even though regular and valid. The act of Congress of February 16, 1839, did not attempt to define what is and what is not a good and valid description of real estate, or to make any rule by which a purchaser at a marshal's sale could take possession of lands other

than those specifically described in the process. The question of a sufficient description was a question of general law.

In the second place, the court held that under the Mississippi statute authorizing suits of the character then before the court, plaintiffs in error had not deraigned a title to the lands in controversy, which, under the Mississippi statute under which the suit was instituted, was a fatal objection to the bill.

In the third place, the court held that the claim of plaintiffs in error was barred by the Mississippi statute of limitations, in that it failed to show possession by the plaintiffs, or their ancestor, during the sixty-four years that intervened between the marshal's sale and the bringing of the suit, and did not, as required by the rules of practice in courts of equity in Mississippi, show that it was the defendants or those in privity with them who had fraudulently concealed from plaintiffs the evidence of their claim.

It is true that the Supreme Court of Mississippi in the subsequent case of *Kennedy* v. *Sanders*, 90 Mississippi, 524, decided May 20, 1907, overruled the ruling in *Jones* v. *Rogers*, applying the ten-year statute of limitations, and quoting what the court then observed in that regard, said that "this announcement was not necessary to the decision in *Jones* v. *Rogers*, for the court had already held that the complainants in that case had deraigned no title." And it will have been perceived that this writ of error runs to the judgment of the Supreme Court of October 22, 1906.

The result is, therefore, that this writ of error comes within the rule that where the disposition of a Federal question was not necessary to the determination of the cause and the judgment is based on a distinct ground or grounds broad enough to sustain it, over which this court has no jurisdiction, the writ of error cannot be maintained.

*Writ of error dismissed.*

MR. JUSTICE WHITE took no part in the consideration and disposition of this case.